COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200
Eric J. Shimanoff (ejs@cll.com)
Kieran G. Doyle (kgd@cll.com)
Joelle A. Milov (jam@cll.com)

Paul D. Polidoro (ppolidor@jw.org)
Watch Tower Bible and Tract Society of Pennsylvania
100 Watchtower Drive
Patterson, NY 12563
(845) 306-1000

*Attorneys for Plaintiff Watch Tower
Bible and Tract Society of Pennsylvania*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, <br><br> Plaintiff, <br><br> -against- <br><br> BMG RIGHTS MANAGEMENT (US) LLC; BMG RIGHTS MANAGEMENT (UK) LIMITED; JOHN DOES 1-10; and XYZ CORPORATIONS 1-10, <br><br> Defendants. | Civil Action No. 1:20-cv-10844 <br><br> **COMPLAINT** |

31653/002/3672438

Plaintiff Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower" or "Plaintiff"), by and through its attorneys, Cowan, Liebowitz & Latman, P.C., for its Complaint against Defendants BMG Rights Management (US) LLC ("BMG US"), BMG Rights Management (UK) Limited ("BMG UK," and with BMG US, sometimes collectively referred to herein as "BMG"), John Does 1-10 ("Does") and XYZ Corporations 1-10 ("XYZ Corporations," and with BMG and Does, sometimes collectively referred to herein as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.  This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.  This litigation seeks relief against Defendants' infringement of Plaintiff's registered copyrights in the musical composition entitled "Listen, Obey and Be Blessed."  Without authorization, Defendants have recorded Plaintiff's original and registered musical composition of "Listen, Obey and Be Blessed" in a sound recording, have reproduced, distributed and publicly performed Plaintiff's musical composition in the infringing sound recording and are causing and purportedly licensing others to do the same.  Such actions not only infringe Plaintiff's copyrights in the musical composition but have caused Plaintiff reputational harm.  Plaintiff, accordingly, seeks preliminary and permanent injunctive relief and damages for willful copyright infringement.

## PARTIES

2.  Plaintiff Watch Tower is a Pennsylvania non-profit corporation with offices at 200 Watch Tower Drive, Patterson, New York 12563 USA.

3.  Upon information and belief, Defendant BMG US is a Delaware corporation registered as a foreign corporation in New York with offices at One Park Avenue, New York, NY 10016, USA.

4. Upon information and belief, Defendant BMG UK is a United Kingdom limited company with offices at 5 Merchant Square, 8th Floor, London, England, W2 1AS, UK.

5. Upon information and belief, Defendants Does are individuals who reside or do or transact business in this District, and have engaged and participated in, directly or contributorily, the unlawful acts set forth herein.  The true identities of Defendants Does are not presently known to Plaintiff.  Plaintiff will amend its complaint upon discovery of the identities of such Defendants.

6. Upon information and belief, Defendants XYZ Corporations are businesses that reside or do or transact business in this District, and have engaged and participated in, directly or contributorily, the unlawful acts set forth herein.  The true identities of Defendants XYZ Corporations are not presently known to Plaintiff.  Plaintiff will amend its complaint upon discovery of the identities of such Defendants.

7. Upon information and belief, Defendants, while engaging and participating in the unlawful acts set forth herein, were agents and collaborators of one another.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over claims arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

10. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, in person or through an agent: (a) do business or reside in New York pursuant to NY CPLR 301; (b) have transacted business, and have offered to supply goods, in New York pursuant to NY CPLR 302(a)(1); (c) have committed tortious acts within New York pursuant to NY CPLR 302(a)(2); and/or (d) have committed tortious acts without New York causing injury

to Watch Tower in New York, and (i) regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed or services rendered, in New York, or (ii) expect or should reasonably expect their acts described herein to have consequences in New York and derive substantial revenue from interstate or international commerce, pursuant to NY CPLR 302(a)(3).

## FACTUAL BACKGROUND

11. Watch Tower is a non-profit corporation that is responsible for the creation, publication and protection of original works of authorship that support the work of Jehovah's Witnesses.

12. Watch Tower, over decades, has created and published myriad original works of authorship, including literary works, works of visual art, musical compositions, sound recordings and motion pictures, and has secured over 3,300 federal copyright registrations for its works.

13. Under the Copyright Act, Watch Tower has the exclusive rights, among other things, to "reproduce the copyrighted work[s] in copies or phonorecords," to "distribute copies or phonorecords of the copyrighted work[s] to the public" and "to perform the copyrighted work[s] publicly," as well as to authorize or license others to engage in such activities. 17 U.S.C. § 106

14. Many of the original works created by Watch Tower are published, reproduced and distributed pursuant to license by third party Watchtower Bible and Tract Society of New York ("Watchtower NY") and other approved licensees, including via physical copies, mobile applications and the website at www.jw.org.

15. In line with the bible-based teachings and practices of Jehovah's Witnesses Watch Tower: (a) does not commercialize its original works of authorship; (b) does not allow

3

its original works of authorship to be used in conjunction with other religions or expressions thereof; and (c) does not allow its original works of authorship to be used in conjunction with the celebration of Christmas, a holiday that is not observed by Jehovah's Witnesses.  Watch Tower's engagement in such activities would be viewed as antithetical to the bible-based teachings and practices of Jehovah's Witnesses, and thus hypocritical, causing Watch Tower to be viewed in a significantly negative light, including by millions of Jehovah's Witnesses world-wide.

16. Watch Tower is the author and copyright owner of the musical composition "Listen, Obey and Be Blessed" (the "Composition").  The Composition was published as part of a compilation of sheet music entitled "'Sing Out Joyfully' to Jehovah" (the "Song Book") for use by Jehovah's Witnesses and their congregations.

17. Watch Tower is the owner of U.S. Copyright Registration PA 2-128-025, effective as of May 8, 2017, for the Song Book, which covers the Composition (the "Registration").  True and correct copies of the Registration and the Composition as it appears in the Song Book are attached hereto as **Exhibit A**.

18. Watch Tower also is the author of and owner of several other copyright registrations for original works of authorship concerning or embodying the Composition, including: (a) U.S. Copyright Registration SR 864-110 for a sound recording entitled "'Sing Out Joyfully' to Jehovah: Song 089, Listen, Obey and Be Blessed," effective as of December 30, 2019; (b) U.S. Copyright Registration PA 2-805-845 for a motion picture entitled "Become Jehovah's Friend Song 089. Listen, Obey and Be Blessed," effective as of November 8, 2017; and (c) U.S. Copyright Registration TX 7-055-704 for text and artwork associated with the book "Sing to Jehovah,"

effective as of September 15, 2009.

19. Watch Tower has licensed only Watchtower NY and other approved licensees to make phonorecords of, to publish, to reproduce and to distribute the Composition. Watch Tower has not authorized any other party to do the same.

20. Upon information and belief, BMG is, among other things, a record label that records and distributes sound recordings world-wide, including in the United Kingdom and the United States, including in this District.

21. Upon information and belief, BMG's roster of recording artists has included such well-known, successful and profitable musicians as Dido, Lenny Kravitz, Alice in Chains, Cypress Hill, Rick Astley, blink-182, Morrissey, Kylie Minogue, Nickelback, Andy Grammer, Iron Maiden, Ringo Starr, Avril Lavigne, Cat Stevens, Michael McDonald, Black Sabbath, Fergie, Fantasia, John Legend, Katharine McPhee, Boy George, David Bowie and David Crosby.

22. Upon information and belief, BMG has derived substantial revenue valued at billions of dollars from sound recording and musical composition licensing, sales and other exploitation in the United States and New York.

23. Upon information and belief, BMG US and BMG UK act as agents of each other when engaging in business concerning the other's territory, including in connection with the recording, reproduction, distribution and public performance of sound recordings and musical compositions owned or controlled by either entity, and have acted as agents of each other in connection with the infringement alleged herein.

24. Upon information and belief, BMG is the record label for the album "Blessings" (the "Album") recorded by the artist Aled Jones ("Jones").

5

25. Upon information and belief, BMG and/or Jones have marketed the Album as an album of interfaith music.

26. Upon information and belief, Jones, BMG and/or one or more of the Defendants have described the Album as follows:

> Blessings touches on a range of faiths and beliefs - Quaker, Christian, Catholic, Muslim, Buddhism – through a range of uplifting hymns, texts and scriptures set to music.

27. Jones' official website at [www.officialaledjones.com](www.officialaledjones.com) touts the Album as "Featuring a range of uplifting hymns, texts and scriptures set to music, the album touches on a range of faiths and beliefs."

28. Upon information and belief, tracks on the Album include the Protestant hymn "How Can I Keep From Singing?," the Roman Catholic hymn "Ave Maria," the Christian hymn "Bless this House," the Welsh religious hymn "Anfonaf Angel" and the Christmas hymn "Silent Night," among other spiritual and religious songs.

29. Upon information and belief, BMG and/or Jones have marketed the Album as a "Christmas" album, including without limitation by releasing the Album seven weeks before Christmas, touting the Album as "the perfect Christmas gift," having Jones perform songs from the Album at events and appearances associated with or evocative of Christmas, recording on the Album numerous songs and hymns associated with or about Christmas or Jesus Christ and requesting consumers add tracks from the Album to their "favourite Christmas playlist."

30. Upon information and belief, Jones is known for his "Christmas" albums and has released at least two prior albums with "Christmas" in the title: "The Christmas Album" (2004) and "Aled's Christmas Gift" (2010). Upon information and belief, Jones also has been featured

6

on an album entitled "Jubilate – 500 Years of Cathedral Music" (2017).

31. Upon information and belief, to increase its marketability and popularity, the Album features performances by the Academy Award winning actress Judi Dench, Britain's Got Talent finalist Susan Boyle and the best-selling Catholic artists The Priests.

32. Upon information and belief, Jones and/or BMG have marketed and promoted and continue to market and promote Jones' live concert tour of songs from the Album to be performed in various cathedrals in the United Kingdom; the tour is called the "Cathedral Tour."

33. One track on the Album is an unauthorized reproduction in a sound recording of Watch Tower's Composition "Listen, Obey and Be Blessed" (the "Infringing Sound Recording").

34. Copies of the cover art for the Album appear below, in which Album BMG UK claims to be the copyright owner:

 

7



35. Upon information and belief, BMG produced the Album and the Infringing Sound Recording, including by recording the Composition in the Infringing Sound Recording or providing Jones the financial and practical means therefor.

36. Upon information and belief, BMG reproduced and made copies of the Composition in the Infringing Sound Recording, including via CD and digital audio files, including in the United States and this District and world-wide.

37. Upon information and belief, BMG reproduced, distributed and publicly performed the Composition in the Infringing Sound Recording via CD and digital audio files themselves, including in the United States and this District and world-wide.

38. Upon information and belief, BMG also reproduced, distributed and publicly performed the Composition in the Infringing Sound Recording via CD and digital audio files via numerous third parties, including without limitation retailer and music streaming and download platforms such as Amazon, Apple Music, iTunes, YouTube (Google), Spotify, deezer and Jones' own website (or links thereto), including in the United States and this District and world-wide.

39. Upon information and belief, BMG purported to authorize and provide license for these third parties' reproduction, distribution and public performance of the Composition in the Infringing Sound Recording in exchange for payments to BMG and other consideration.

40. Upon information and belief, BMG purported to authorize and provide license for

BMG's affiliates' reproduction, distribution and public performance of the Composition in the Infringing Sound Recording.

41. Upon information and belief, BMG has received significant revenue from the sale and licensing of the Composition in the Infringing Sound Recording, including in the United States and this District and world-wide.

42. Neither Watch Tower nor any of its approved licensees has given BMG or Jones, or any person or entity associated therewith, permission to embody the Composition in the Infringing Sound Recording or to reproduce, distribute or publicly perform the Composition in the Infringing Sound Recording or otherwise.

43. Upon information and belief, BMG first distributed the Album and the Infringing Sound Recording via physical CD and digital audio files on or about November 6, 2020.

44. Before the Album was released, on behalf of Watch Tower, Watch Tower Bible and Tract Society of Britain sent a letter to Jones' manager, putting Jones on notice that Watch Tower was the owner of all copyrights in the Composition, that the Composition was registered with the Copyright Office, that Watch Tower had not granted Jones permission to use the Composition in any manner and that Watch Tower objected to Jones' recording and reproduction of the Composition in the Infringing Sound Recording.  Upon information and belief, Jones' manager sent a copy of this letter to BMG before the Album was released.

45. In response to Watch Tower's demand letter, BMG UK has claimed that BMG UK purportedly obtained a license to record, reproduce and publicly perform the Composition in the Infringing Sound Recording from a German collective rights society called GEMA, which, upon information and belief, represents various copyright owners in licensing musical compositions for

use in sound recordings and public performances.  BMG UK has not provided any proof of its purported license from GEMA and instead has told Watch Tower to contact GEMA directly.

46. Neither Watch Tower nor its approved licensees have given GEMA, or any person or entity associated therewith or who licenses content thereto, permission to embody the Composition in the Infringing Sound Recording or to reproduce, to distribute or to publicly perform the Composition in the Infringing Sound Recording or otherwise.  Thus, BMG UK could not have obtained any license to use the Composition from GEMA.

47. Based on Watch Tower's subsequent inquiries to GEMA, upon information and belief, BMG attempted to obtain a license from GEMA to use the Composition, but GEMA ultimately denied BMG's request since GEMA did not have the right to license the work.

48. Also in response to Watch Tower's demand letter, BMG UK informed Watch Tower that BMG UK's "colleagues in the United States," namely BMG US, were in the process of obtaining a compulsory mechanical license to use the Composition in connection with the Infringing Sound Recording pursuant to Section 115 of the Copyright Act, 17 U.S.C. § 115. Section 115 of the Copyright Act creates a statutory scheme whereby, subject to various conditions and limitations, including notice of intent to record and the payment of royalties, a third party can record their own version of a musical composition previously recorded and distributed to the public.

49. However, neither BMG UK nor BMG US followed the statutory procedures necessary to obtain a compulsory mechanical license to use the Composition in connection with the Infringing Sound Recording pursuant to Section 115 of the Copyright Act.

50. Without limitation, BMG did not serve a timely notice of intent pursuant to 17

U.S.C. § 115(b)(1) & (2) that contained the content and information required by 37 C.F.R. § 201.18.  The date by which BMG would have been required to serve a notice of intent to obtain a compulsory mechanical license has now passed.

51.     Pursuant to 17 U.S.C. § 115(b)(4), the failure to timely and properly serve a notice of intent forecloses the possibility of a compulsory mechanical license under Section 115, making Defendants infringers under the Copyright Act.  *See* 17 U.S.C. § 115(b)(4) ("the failure to obtain a compulsory license renders the making and distribution of phonorecords . . . actionable as acts of infringement under section 501 and subject to the remedies provided by sections 502 through 506").

52.     Defendants' recording, reproduction and public performance of the Composition in the Infringing Sound Recording has caused significant harm to Watch Tower, including harm to its reputation.

53.     Upon information and belief, Defendants' infringing acts have caused and are likely to cause numerous Jehovah's Witnesses and members of the public to believe mistakenly that Defendants' use of the Composition on the Infringing Sound Recording was licensed or otherwise authorized by Watch Tower.  As noted above, such license or authorization would be antithetical to the teachings and practices of Jehovah's Witnesses, including a literal interpretation of the Bible, including by commercializing the Composition, allowing the Composition to be used in conjunction with works of other faiths on the Album and allowing the Composition to be used in connection with the Christmas holiday.

54.     Jehovah's Witnesses and members of the public who believe mistakenly that Defendants' use of the Composition on the Infringing Sound Recording was licensed or otherwise

11

authorized by Watch Tower have viewed and likely will view Watch Tower in a negative light, including as hypocritical and engaging in activities antithetical to the teachings and practices of Jehovah's Witnesses, including a literal interpretation of the Bible.

55. Upon information and belief, Defendants' infringing acts have caused and are likely to cause other Jehovah's Witnesses and members of the public to believe mistakenly that Watch Tower is not enforcing its copyrights and protecting and supporting the efforts of Jehovah's Witnesses, contrary to its mission and purpose. These mistaken perceptions also have caused and are likely to cause those persons to view Watch Tower in a negative light.

56. Defendants' acts described herein were committed without the permission, license or consent of Watch Tower, or any approved licensee, including Watchtower NY.

57. Upon information and belief, Defendants' acts described herein were committed with knowledge or in reckless disregard of Watch Tower's exclusive rights in the Composition and objections to the Infringing Sound Recording.

58. Upon information and belief, by virtue of their unlawful conduct described above, Defendants have made or will make substantial profits and gains to which they are not in law or equity entitled, including without limitation in the form of revenue from CD and digital audio file sales and license fees.

59. Upon information and belief, as a result of Defendants' unlawful actions described above, Plaintiff has been and/or will be damaged and has suffered, and will continue to suffer, immediate and irreparable injury for which Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF
## (Copyright Infringement)

60. Watch Tower repeats and realleges the assertions contained in paragraphs 1 through

12

59 above as if fully set forth herein.

61. Watch Tower is the author of, and sole owner of all right, title and interest in and to the copyrights in, the Composition.  Under 17 U.S.C. § 106, Watch Tower has the exclusive right, *inter alia*, to record, to copy, to distribute and to publicly perform the Compositions.

62. Defendants' unauthorized recording, copying, distribution and public performance of the Composition in the Infringing Sound Recording infringes Watch Tower's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. For a preliminary and permanent injunction enjoining Defendants and their agents, servants, employees, officers, directors, attorneys, successors, assigns, licensees and all others in active concert or participation with any of them from any further reproduction, copying, distribution, performance or exploitation of the Composition and the Infringing Sound Recording.

B. Award to Watch Tower, pursuant to 17 U.S.C. § 504(c), its actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of such unlawful acts, in amounts to be determined at trial; or, in the alternative, award to Watch Tower, at its election, statutory damages pursuant to 17 U.S.C. § 504(c); each with pre-judgment and post-judgment interest thereon.

C. Award to Watch Tower, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' unlawful acts.

D. Award to Watch Tower such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 22, 2020

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: ___s/ Eric J. Shimanoff___
Eric J. Shimanoff (ejs@cll.com)
Kieran G. Doyle (kgd@cll.com)
Joelle A. Milov (jam@cll.com)
114 West 47th Street
New York, NY 10036
(212) 790-9200

Paul D. Polidoro (ppolidor@jw.org)
Watch Tower Bible and Tract Society of Pennsylvania
100 Watchtower Drive
Patterson, NY 12563
(845) 306-1000

*Attorneys for Plaintiff Watch Tower Bible and Tract Society of Pennsylvania*